UNITED STATES of America,
Plaintiff-Appellee,

v.

James Alfonso GREENE,
Defendant-Appellant.

No. 86–8350
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 6, 1986.

Roy E. Paul, Savannah, Ga. (Court-appointed), for defendant-appellant.

**1000**

Hinton R. Pierce, William H. McAbee, II, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

James Greene was tried in the United States District Court for the Southern District of Georgia, Savannah Division, for violation of 18 U.S.C.App. sec. 1202(a)(1), which prohibits possession of a firearm by a convicted felon. After a jury trial, he was convicted and sentenced to fifteen years incarceration without parole pursuant to the enhanced punishment provisions of 18 U.S.C.App. sec. 1202(a)(1). Greene appeals his conviction and sentence. We affirm.

On October 4, 1985, Greene was arrested by drug agents of the Chatham County Police Department during the execution of a search warrant. At that time, the agents confiscated three firearms, which Greene claimed as his. Greene was subsequently indicted for illegal possession of firearms, tried, and convicted. The district court sentenced him according to the provisions of to 18 U.S.C.App. sec. 1202(a)(1). That statute provides that a person with three previous convictions for robbery and/or burglary who possesses a firearm shall be fined not more than $25,000.00 and imprisoned not less than fifteen (15) years, without possibility of parole.

■ Greene's first challenge to his conviction is that it is void as a violation of the Constitution's prohibition against *ex post facto* laws. He argues that because 18 U.S.C.App. sec. 1202(a)(1) requires that the unlawfully possessed firearms have been moved in interstate commerce, the statute is valid only as to firearms that moved in interstate commerce after October 12, 1984, the date that the sentence enhancement provision was enacted. Because there was no showing that the firearms

that he possessed had moved in interstate commerce after that date, Greene argues that his conviction was invalid.

This argument is without merit. The enhanced punishment amendment of October, 1984 did not change the essential elements of offenses under the statute. The amendment affected only punishment. To subject Greene to the enhanced sentence, the government had only to prove at trial that Greene had in his possession after October 12, 1984 firearms that had sometime previously traveled in interstate commerce. The government did so.

■ Greene further argues that there was insufficient evidence of prior burglary convictions to support the enhanced penalty, because four of the convictions that the government introduced were joined in one indictment. This argument is not persuasive. The indictment alleged burglaries of four separate buildings at four separate locations on four different days in 1962. The conviction on four counts of burglary constitutes four separate convictions.

■ Greene's next argument is that the district court erred in charging the jury that a showing of three prior burglaries was an essential element of a conviction under 18 U.S.C.App. sec. 1202(a)(1). The result of this error, according to Greene, was to prejudice the jury by presenting evidence of his prior convictions. Greene made no objection at trial, however; and we find no plain error in the presentation of this issue to the jury.

■ Greene further alleges that the trial judge denied him his right to a fair trial by giving the prosecution assistance in the presentation of its case. Although he waxes eloquent about a judge's responsibility to remain neutral, Greene presents no evidence from the record that the district court judge in this case failed in that responsibility. Nor does he show any objections to any of the judge's actions. A charge that a trial judge's actions have so favored the prosecution as to deprive a defendant of a fair trial is a serious one. We will not entertain such a charge based

upon nothing more than unsubstantiated speculations about the effect of actions that passed without objection.

 Greene attempts to circumvent the problem of the lack of objections at trial by alleging that the failure of his counsel to object deprived him of the effective assistance of counsel. Once again his only evidence consists of vague speculation. We will not consider an effective assistance of counsel claim that was not raised before the district court. *United States v. Lopez*, 728 F.2d 1359, 1363 (11th Cir.), *cert. denied*, 469 U.S. 828, 105 S.Ct. 112, 83 L.Ed.2d 56 (1984); *cf. United States v. Phillips*, 664 F.2d 971, 1041 (5th Cir.Unit B 1981), *cert. denied.* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982).[1]

We have considered Greene's remaining claims and find them to be without merit. His conviction is AFFIRMED.

---

1. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982), the 11th Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former 5th Circuit.