**UNITED STATES of America, Appellee,**

v.

**Leroy RUSH a/k/a James Johnson, Appellant.**

**No. 86–1811.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1987.
Decided Feb. 25, 1988.

James Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

JOHN R. GIBSON, Circuit Judge.

Leroy Rush appeals from his conviction of possession of a firearm by a convicted felon, 18 U.S.C. App. § 1202(a) (1982 and Supp. III 1985) (repealed 1986) and his sentencing by the district court[1] to fifteen years without parole. Rush first argues that the question of whether he had three prior convictions so as to require a fifteen year sentence under the Armed Career Criminal Act of 1984[2] (ACCA) should have been submitted to the jury. After hearing oral argument before a panel, the court of its own motion referred this issue to the court en banc and consolidated it with *United States v. Cloyd,* 819 F.2d 836. The issue was decided adversely to Rush in the opinion issued this day in the consolidated cases. His remaining arguments are that collateral estoppel bars his conviction; the evidence was insufficient to support his conviction; his sentence constituted cruel and unusual punishment; his counsel was ineffective; and evidence seized after police detained him should have been suppressed. The conviction and sentencing are affirmed.

■ Rush argues that the evidence against him was insufficient in various respects to convict and sentence him under the ACCA provisions of 18 U.S.C. App. § 1202(a) requiring a minimum sentence of fifteen years without parole for persons who have been previously convicted of three robberies or burglaries. First, he argues that his convictions on two occasions of a total of five robberies and burglaries were not sufficient to warrant sentencing under the ACCA. Rush argues that the convictions must occur in "distinct adjudications." This argument has no merit, for it is the criminal episodes underlying the convictions, not the dates of conviction, that must be distinct to trigger the provisions of the ACCA. *Cf. United States v. Petty,* 828 F.2d 2 (8th Cir.1987) (enhancement under section 1202(a) requires convictions from three distinct criminal episodes). Rush's record shows that he has one con-

2. Pub.L. No. 98–473, §§ 1801–03, 98 Stat. 2185 (1984), codified at 18 U.S.C.App. § 1202(a).

viction for burglary from 1975 and convictions for robbery stemming from at least two distinct criminal episodes occurring in 1965, one of the 1965 robberies having been committed on July 9, 1965 and two having been committed on September 11, 1965.

■ Rush next argues that there was insufficient proof that the weapon he possessed was a "firearm" within the meaning of section 1202, because there was no evidence regarding the results of a test-firing of the gun. 18 U.S.C. § 1202(c)(3) (1982) (repealed 1986) defines "firearm" as "any weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; or any firearm muffler or firearm silencer; or any destructive device. Such term shall include any handgun, rifle, or shotgun." The government introduced the testimony of the police officer who seized Rush's gun, describing both the weapon and the cartridges in the weapon at the time he seized the weapon. The weapon and cartridges were introduced into evidence, and Rush stipulated that the firearm named in the indictment was a "Charter Arms .38 caliber revolver." Another police officer testified that he had test-fired the weapon, though he did not testify about the results of the test-firing. This was abundant evidence to prove that the weapon was a firearm within the meaning of section 1202(c)(3). *See United States v. Polk*, 808 F.2d 33, 34 (8th Cir.1986) (government need not prove gun was actually capable of firing).

Rush next argues that sentencing under the ACCA was barred by collateral estoppel, because he was convicted under section 1202(a) in the Southern District of Illinois and sentenced to a lesser penalty at a time when he had the same convictions that formed the basis for his present enhanced sentence. Apparently, Rush reasons that the district court in Illinois considered the previous convictions insufficient to invoke the ACCA and that this determination was binding on the district court in this case. This argument is meritless, since the Illinois conviction was pursuant to a plea bargain and there is no evidence before us that the fact of his prior convictions was ever presented to the Illinois district court.

■ Next, Rush argues that his sentence of fifteen years' imprisonment without parole is a violation of the eighth amendment's ban of cruel and unusual punishment. At the time of his conviction, Rush had been convicted of two counts each of burglary and stealing; operating a motor vehicle without the owner's consent; three counts of robbery by means of a dangerous and deadly weapon; stealing $50 or over; and illegal possession of a firearm by a convicted felon. He received a sentence of fifteen years without parole, which was the minimum sentence for his crime under the ACCA. Especially in light of Rush's significant record of prior felonies, the district court's imposition of a term of years constituting the minimum possible sentence was not cruel and unusual punishment. *See United States v. Stead*, 740 F.2d 657, 659 (8th Cir.), *cert. denied*, 469 U.S. 1090, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984). *United States v. Gourley*, 835 F.2d 249, 252–53 (10th Cir.1987) (life imprisonment without possibility of parole for section 1202(a) violation not unconstitutionally disproportionate).

■ Rush raises three final arguments in a supplemental pro se brief. First, he argues that there was insufficient evidence of his possession of the firearm to sustain the jury's verdict. A police officer saw Rush with a bag and saw him abandon it. The officer retrieved the bag and found the gun inside. Viewed in the light most favorable to the government, *United States v. Hammond*, 821 F.2d 473, 477 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 502, 98 L.Ed.2d 501 (1987), this is ample evidence to support the conviction.

Rush's next two points are related. He argues that the policeman found the gun as the fruit of an illegal stop, and from this premise, Rush argues that the gun should not have been admitted into evidence and that his attorney's failure to move to suppress the gun constituted ineffective assistance of counsel. These arguments are utterly lacking in merit. Rush's attorney filed a motion to suppress, which was de-

nied. The findings of the magistrate, whose recommendation the district court adopted, support the conclusion that the stop was not illegal and those findings are not clearly erroneous.

The conviction and sentence are affirmed.