**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie HERBERT, Jr., Defendant–Appellant.**

**No. 88–1260.**

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1988.

William R. Maynard, Asst. Federal Public Defender, El Paso, Tex. Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Janet Bauerle, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, SNEED * and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

The issue presented in this appeal involves the proper meaning of the term "three previous convictions" in the Armed Career Criminal Act (18 U.S.C. § 924(e)). The appellant contends that this term is ambiguous and must, therefore, be interpreted by referring to the legislative history of the Act. He further contends that the legislative history requires that the three previous felonies upon which a violation of 18 U.S.C. is predicated be "three chronological successive convictions with intervening criminal episodes." We agree with the appellant that this term is ambiguous. We reject, however, the appellant's interpretation of this term and affirm his conviction.

* Circuit Judge of the Ninth Circuit, sitting by designation.

The appellant was indicted for violation of 18 U.S.C. § 924(e), the Armed Career Criminal Act. The statute requires imposition of a mandatory minimum sentence of 15 years without possibility of parole for individuals who have three previous convictions for violent felonies and who are convicted for possessing a weapon. The predicate felonies upon which the indictment was based were aggravated assault and two counts of burglary. The aggravated assault conviction occurred in 1980. The burglary convictions both occurred on September 30, 1985, and arose from a single judicial proceeding, resulting in imposition of concurrent sentences. The appellant committed one of these burglaries on June 19, 1985 and the second on June 22, 1985. The court treated each of the burglary convictions as a separate conviction for § 924(e) purposes.

Three circuits have considered whether multiple convictions arising from the same judicial proceeding but separate criminal transactions constitute single or multiple convictions for purposes of § 924(e). *See United States v. Greene*, 810 F.2d 999 (11th Cir.1986); *United States v. Wicks*, 833 F.2d 192 (9th Cir.1987); and *United States v. Rush*, 840 F.2d 580 (8th Cir.1988). In each case, the court held that two or more convictions arising from the same proceeding should be treated as separate convictions provided that they arose from separate transactions. The decisions of these courts are persuasive authority. They are not, however, binding on this court. We must, therefore, make our own determination as to whether the language of the statute is ambiguous. If the language is ambiguous, we must then attempt to ascertain whether Congress intended to treat multiple convictions arising from a single judicial proceeding but separate criminal episodes as single or multiple convictions under the Armed Career Criminal Statute.

On its face, the term "three previous convictions" does not appear to be ambiguous. The government, however, through the solicitor general, has previously conceded that similar language in a statute was ambiguous. *See United States v. Pet-ty*, 798 F.2d 1157 (8th Cir.1986), *vacated* — U.S. ——, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987), *on remand,* 828 F.2d 2 (8th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988). In *Petty* the defendant was sentenced under 18 U.S.C. App. II § 1202(a), the predecessor of 18 U.S.C. § 924(e). Section 1202(a), like the present statute, required as a predicate to conviction that the defendant have "three previous convictions." The defendant in *Petty*, prior to being charged under § 1202(a), had been convicted on six separate counts of armed robbery, all of which arose from a single transaction.

The defendant in *Petty* argued that six convictions arising from a single criminal episode should be treated as a single conviction for purposes of § 1202(a). The trial court disagreed and used the six-count convictions as a basis for enhancing the defendant's sentence for possession of a firearm by a convicted felon. The Eighth Circuit affirmed and the defendant appealed to the United States Supreme Court. On appeal, the solicitor general filed a brief on behalf of the United States agreeing with the defendant on this issue. In his brief the solicitor general stated, "[t]he statutory language, which was added to Section 1202(a) by the Armed Career Criminal Act of 1984, ..., is ambiguous."

■ Despite this prior concession by the United States solicitor general, the government in this case argues that the language is not ambiguous. The government attempts to distinguish the present case from *Petty* by its statement that, "... a proper reading of the solicitor general's brief shows that the only ambiguity, to which the government was conceding, was the omission of language from § 1202(a), stating that a defendant's previous convictions had to be committed on occasions different from one another and from the current offense." This attempt at distinguishing the government's concession in *Petty* from the claim of ambiguity in this case is not successful. The statute at issue in *Petty* failed to indicate whether the required previous convictions could arise from a single transaction. The statute at issue in this

case fails to indicate whether the required previous convictions can result from a single judicial proceeding. In both instances the statute is ambiguous.

Because the term "three previous convictions" is ambiguous, it is necessary to refer to the legislative history to determine whether the statute was intended to apply to defendants who have multiple convictions based on one judicial proceeding but separate criminal transactions. Unfortunately, the legislative history, like the statute itself, is ambiguous.

On one hand, there are references throughout the legislative history to "career criminals" and "habitual offenders." Logically, a person who is convicted in a single trial for multiple felonies committed on separate occasions could be classified as an "habitual offender" or "career criminal." Therefore, the legislative history appears to support the government's contention that convictions in these cases should be treated as separate convictions.

On the other hand, the legislative history also states:

> [There] ... are people who have demonstrated by virtue of their definition, that locking them up and letting them go doesn't do any good. They go on again, you lock them up, you let them go, it doesn't do any good, they are back a third time. At that juncture, we should say, "That's it; time out; it is all over. We, as responsible people, will never give you the opportunity to do this again."

Testimony of Assistant Attorney General Trott, Armed Career Criminal Act, 1984, House Hearing Before the Subcomm. on Crime of the House Comm. on Judiciary, 98th Cong.2d Sess. at 64 (1984).

This language appears to indicate that the enhanced penalty provision was aimed at individuals who failed to profit from the rehabilitative opportunities afforded them after their convictions. In that case, multiple convictions arising from a single judicial proceeding should not be treated as separate convictions because the defendant had no opportunity to reform after the first conviction. The appellant in this case contends that we should adopt the later interpretation. This we are unwilling to do.

The Supreme Court in *Petty*, faced with a similar issue, concluded that multiple convictions must be treated as one conviction for § 1202(a) purposes if the convictions arose from a single criminal transaction. The negative implication of this holding is that multiple convictions arising from multiple criminal transactions should be treated as separate convictions, regardless of the number of judicial proceedings involved in the conviction. To hold otherwise would be to create a situation in which the state, by electing to consolidate or not to consolidate charges based on separate transactions, could maneuver a defendant into or out-of Armed Career Criminal status. We do not believe that Congress intended to vest state prosecutors with that power. Consequently, we hold that where, as here, a defendant is convicted in a single judicial proceeding for multiple counts arising from separate distinct criminal transactions that those convictions should be treated as multiple convictions under § 924(e).[1]

The judgment of the district court is affirmed.

AFFIRMED.

---

1. The crimes for which the appellant was convicted occurred on separate days at separate locations and with two intervening days during which the appellant, presumably, was not engaged in criminal activity. Under these circumstances, we have no difficulty in holding that these instances were separate criminal transactions. We need not and do not address the issue of whether multiple convictions for crimes committed over a period of days or hours as part of a criminal spree constitute single or multiple criminal transactions.