**UNITED STATES of America**

v.

**Robert Lee MATHIS, Defendant.**

**Crim. No. 89–87–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

April 25, 1990.

Miriam W. Duke, Macon, Ga., for plaintiff.

Neal Graham, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Defendant Robert Lee Mathis represented by court-appointed counsel, Neal Graham, pled guilty to Count 2, charging him as a previously convicted felon with possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1), which provides a mandatory minimum fifteen year imprisonment sentence for any person who has three prior violent felony convictions. Defendant's violent felony convictions are summarized on page 4 of the presentence report as follows:

*"Criminal Convictions*

| DATE OF ARREST | CHARGE/AGENCY | DATE SENTENCE IMPOSED/ DISPOSITION | GUIDELINE/ SCORE |
|---|---|---|---|
| 9/3/73 (age 17) | Rape—3 cts. Bibb County Superior Ct. | 20 yrs. serve 15, bal. probation 4/4/83—Remaining 2 yrs. & 11 mos. of prob. revoked | 4A1.1(a) 4A1.2(e) 4A1.2(k)(1) _3_ |

The defendant was tried as an adult and was represented by counsel. On August 20, 1974, the defendant entered two separate residences and forced a female in each of the residences to have sex with him at gun point. On June 18, 1973, the defendant entered a residence and forced a female to have sex with him at gun point. During court testimony, the defendant stated he had sniffed glue before each of the three rapes. The defendant began serving the probation part of his sentence on March 13, 1981. His probation was revoked because he committed a new offense of entering an auto. The defendant was represented by counsel during the revocation hearing."

Title 18 U.S.C. § 924(e)(2) defines violent felony, to wit:

(B) [T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(C) the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

■ Two separate rapes on August 20 and a third separate rape that had already occurred on June 18—all admitted to by pleas of guilty—unquestionably come within the statutory definition and constitute three violent felonies. *See, United States v. Greene,* 810 F.2d 999 (11th Cir.1986); *United States v. Herbert,* 860 F.2d 620 (5th Cir.1988); and *United States v. Wicks,* 833 F.2d 192 (9th Cir.1987). That he was 17 years old and tried as an adult does not

keep these convictions from being considered since even if these rapes had been charged as acts of juvenile delinquency they would still be violent felonies under (C).

██ Defendant was sentenced to the mandatory minimum of fifteen years imprisonment. Even though no lesser sentence is authorized by law, defendant has directed his court-appointed counsel to file a notice of appeal as to his sentence. Counsel has filed a notice of appeal and pursuant to the Criminal Justice Act moved the court to furnish and pay for a transcript of defendant's sentencing.

Defendant Mathis was told generally of his right to appeal and given written information containing 18 U.S.C. § 3742(a), to wit:

(a) **Appeal by a defendant.**—a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

In spite of the fact that he has never contended that his sentence was imposed in violation of law or as a result of an incorrect application of the guidelines, defendant persists in his appeal.

This court is not authorized to pay for sentencing transcripts when there clearly is no basis for an appeal from the sentence as imposed. Accordingly, this court must DENY defendant's request for a transcript of his sentencing prepared without cost to him.

SO ORDERED.