**UNITED STATES of America**

v.

**William Billy MITCHELL.**

**Crim. A. No. 89–56.**

United States District Court,
D. Vermont.

Aug. 31, 1990.

John–Claude Charbonneau, Asst. U.S. Atty., Rutland, Vt., for the U.S.

Kevin Candon, Candon and Butterfield, Rutland, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On April 19, 1990, defendant was convicted of both counts of a two-count indict-

ment. Under count 1, defendant was convicted of possession of a firearm by a career criminal in violation of 18 U.S.C. § 922(g) and § 924(e)(1). Under the statute, a career criminal is a person who has been convicted of three "violent felonies." A conviction under 18 U.S.C. § 924(e)(1) carries a mandatory minimum term of imprisonment of fifteen years.

On August 6, 1990, this court held a hearing on the application of the Federal Sentencing Guidelines to this case. Defendant claims that the enhancement penalty provisions of 18 U.S.C. § 924(e)(1) are inapplicable because his prior offenses are not "violent felonies" for purposes of the statute. Additionally, defendant alleges that the enhancement provision is inapplicable because he did not have two prior felony convictions before committing the third felony offense on August 8, 1984.

### "Violent Felony" for Purposes of 18 U.S.C. § 924(e)(1)

■ 18 U.S.C. § 924(e)(1) establishes a mandatory minimum sentence of fifteen years for any person convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) who has three or more convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii) defines a violent felony to include "any crime punishable by imprisonment for a term exceeding one year, ... that (ii) is burglary, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another."

Defendant argues that none of his prior convictions fall within the statutory definition of "violent felony." The defendant has been convicted of burglary of a body shop; burglary of a residence; and breaking and entering of an auto parts shop. The question is whether these convictions constitute burglary, as that term is used in the statute, or whether they fall within the catch-all provision as "conduct that presents a serious potential risk of physical injury to another."

Section 924(e) does not define burglary, and the legislative history is, at best, inconclusive. Two circuits have held that Congress intended the common law meaning of burglary—the breaking and entering of a dwelling of another at night with the intent to commit a felony—to apply. *United States v. Chatman*, 869 F.2d 525 (9th Cir. 1989); *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988). However, in considering the exact question at issue here, the First Circuit declined to follow *Headspeth*. After extensive review of the legislative history, that court stated that it frankly could not define how Congress intended to define "burglary." *United States v. Patterson*, 882 F.2d 595 (1989).

This court shares the First Circuit's uncertainty as to the intended meaning of "burglary." In the absence of controlling authority in this circuit, we decline to adopt any particular interpretation of the term as this case may be resolved on other grounds. Defendant's prior convictions for burglary and breaking and entering, even if not burglary under the statute, may satisfy the enhancement provision if they "involved conduct that presents a serious potential risk of physical injury to another."

Defendant's prior convictions involve violations of Vt.Stat.Ann. tit. 13, § 1201. That statute defines an offense much broader than the common law definition of burglary, prohibiting a person from "enter[ing] any building or structure knowing that he is not licensed or privileged to do so, with the intent to commit a felony." Although none of defendant's prior convictions involve the breaking and entering of a dwellinghouse in the nighttime, the conduct prescribed does pose a potential for a sudden eruption of violence, and we hold that this does constitute a "violent felony" for enhancement purposes.

### Three Felony Conviction Requirement

■ Defendant further claims that the enhancement penalty does not apply because he had only one conviction prior to committing the third felony. On June 23, 1983, defendant committed a burglary offense by entering a body shop in the nighttime. The conviction, however, did not occur until May 13, 1985. On January 16, 1984, defendant burglarized a residence, and was convicted on May 18, 1984. On August 4, 1984, defendant broke and entered an auto parts shop and was convicted

on January 29, 1986. The defendant had committed two offenses, i.e., June 23, 1983, and January 16, 1984, before his first conviction on May 18, 1984. When he committed the third offense on May 18, 1984, he had only one prior conviction, since the conviction on the June 23, 1983, offense did not occur until May 13, 1985.

Defendant relies on the dicta in *United States v. Balascsak* 873 F.2d 673 (3d Cir. 1989), wherein a majority of the court held that not only are three previous convictions for separate episodes required in order for the enhancement penalty provisions to be applicable, but also that each conviction must precede the commission of the next crime.

This is not the law in the Second Circuit where it is an episodic test, without regard to the number and timing of the convictions arising out of the separate episodes. *United States v. Towne*, 870 F.2d 880 (2d Cir. 1989). This rule is followed in several other circuits: *United States v. Herbert*, 860 F.2d 620 (5th Cir.1988); *United States v. Gillies*, 851 F.2d 492 (1st Cir.) *cert. den.* 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Rush*, 840 F.2d 580 (8th Cir.); *United States v. Wicks*, 833 F.2d 192 (9th Cir.1987), *cert. den.* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988); *United States v. Greene*, 810 F.2d 999 (11th Cir.1986).

In this case, the defendant has had three prior convictions for violent felonies for three separate episodes, and the enhancement provision of 18 U.S.C. § 924(e)(1) applies.

## CONCLUSION

Defendant's prior convictions constitute "violent felonies" for purposes of the sentencing enhancement provisions of 18 U.S.C. § 924(e)(1).

SO ORDERED.