946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Leroy WILLIAMS, Jr., a/k/a Kenneth Williams, Defendant-Appellee.
 No. 90-5917.
 United States Court of Appeals, Fourth Circuit.
 Argued Aug. 1, 1991.
Decided Oct. 16, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert S. Murray, Senior District Judge. (CR-90-157-HM)
 Argued: Robert Mason Thomas, Jr., Assistant United States Attorney, Baltimore, Md., for appellant; Anthony Reed Gallagher, Assistant Federal Public Defender, Baltimore, Md., for appellee.
 On Brief: Richard D. Bennett, United States Attorney, Baltimore, Md., for appellant; Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Leroy Williams, Jr., was convicted of possession of a firearm by a felon. The government appeals the district court's refusal to impose a statutory minimum sentence of fifteen years imprisonment.[1] We vacate the sentence and remand for resentencing.
 
 I.
 
 2
 On February 5, 1990, Baltimore City police officers arrested Leroy Williams, Jr., for allegedly dealing in illegal narcotics. During a search incident to that arrest, officers discovered and seized a .38 caliber revolver. Subsequently, Williams was released on bond. On February 23, 1990, Baltimore City police again arrested Williams for allegedly dealing drugs. A search of his vehicle uncovered another .38 caliber revolver. Subsequently, federal authorities charged him with two counts of possession of a handgun by a convicted felon in violation of 18 U.S.C. § 922(g) (1988), and state authorities dismissed the original charges stemming from these arrests. On July 11, 1990, a jury convicted Williams on one count.[2]
 
 
 3
 Williams' record includes a 1973 conviction for attempted robbery and two 1979 convictions for armed robbery, one committed in 1976, and one committed in 1978. The 1979 convictions arose out of an arrest for only one of the robberies. While in custody, Williams was charged with the other robbery. These charges were consolidated into a single proceeding, and Williams pleaded guilty to both charges pursuant to a plea agreement. Williams was sentenced to two concurrent fifteen-year terms of imprisonment.
 
 
 4
 At Williams' sentencing in the instant prosecution, the government urged the district court to impose a minimum sentence of fifteen years incarceration pursuant to 18 U.S.C. § 924(e)(1) (1988).[3] The district court stated from the bench that because the Baltimore City court consolidated two of the prior offenses for disposition and sentencing, it would not treat them as separate and distinct for sentencing purposes in this case. The district court sentenced Williams to thirty-seven months imprisonment, the upper limit of the applicable guidelines range. The district court denied the government's motion to reconsider, stating in a memorandum opinion that
 
 
 5
 the two cases were apparently the result of one arrest, and later, a plea arrangement led to the combination of the two cases for plea and sentencing. Thus, the Baltimore City judge resolved the offenses as one. Based on the foregoing facts, this Court believed and continues to believe that the two offenses should be treated as one for the purposes of the enhanced penalty provision of 18 U.S.C. § 924(e). The government appeals.
 
 II.
 
 6
 The government argues that § 924(e)(1) is clear and unambiguous and applies to defendants who have previously been convicted of three violent felonies "committed on occasions different from one another." Accordingly, the court must look only to when the offenses were committed, rather than when they were adjudicated or when the defendant was sentenced.
 
 
 7
 In 1988, Congress sought to clarify § 924(e)(1) by adding the language "committed on occasions different from one another." AntiDrug Abuse Act of 1988, Pub.L. No. 100-690, § 7056, 102 Stat. 4181, 4402 (1988). The government relies, however, on both preamendment and post-amendment cases from ten federal circuits, which have uniformly held that three prior violent felonies constituting separate criminal episodes qualify a defendant for the fifteen-year sentence. See, e.g., United States v. Schoolcraft, 879 F.2d 64 (3d Cir.), cert. denied, 110 S.Ct. 546 (1989); United States v. Towne, 870 F.2d 880, 889 (2d Cir.), cert. denied, 490 U.S. 1101 (1989); United States v. Herbert, 860 F.2d 620, 622 (5th Cir.1988), cert. denied, 492 U.S. 927 (1989); United States v. Wicks, 833 F.2d 192 (9th Cir.1987), cert. denied, 488 U.S. 831 (1988).
 
 
 8
 Williams conceded, and the district court acknowledged, that he was convicted of three violent felonies committed on different occasions, but he argues that § 924(e) "is ambiguous because it does not specify whether multiple convictions arising from a single trial or plea can count more than once toward the statute's requirement of 'three previous convictions.' " He contends that the statute should not apply to him because Congress only intended to punish recidivists who repeat misconduct after being twice convicted for prior offenses. Thus, the statute should be read to require a conviction between the first and second predicate offenses and another conviction between the second and third offenses. See United States v. Balascsak, 873 F.2d 673 (3d Cir.1989), cert. denied, 111 S.Ct. 173 (1990) (interpreting statute prior to 1988 amendment, en banc court evenly divided on whether predicate offenses require intervening convictions).
 
 
 9
 Williams argues that the legislative history of the Armed Career Criminal Act must be examined because it supports his contention that § 924(e) should not apply to him. However, we consider the language of the revised statute unambiguous because it clearly requires only three predicate convictions for offenses "committed on occasions different from one another." "While a statute's legislative history is often helpful in resolving ambiguity, one of the time-honored maxims of statutory construction is that when the language of a statute is clear, there is no need to rely on its legislative history." First United Methodist Church v. U.S. Gypsum Co., 882 F.2d 862, 865 (4th Cir.1989), cert. denied, 110 S.Ct. 1113 (1990).
 
 
 10
 For the foregoing reasons we vacate and remand for resentencing.[4]
 
 
 11
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 [1]
 The government appeals pursuant to 18 U.S.C. § 3742(b) (1988)
 
 
 [2]
 On Williams' motion, the cases were severed by the trial court. The second count is not involved in this appeal
 
 
 [3]
 Sentencing Guidelines § 5G1.1(b) directs that where a statutorily required minimum sentence is greater than the maximum applicable guideline range, the statutorily required minimum sentence shall be the guidelines sentence. A statutorily required minimum sentence is mandated in 18 U.S.C. § 924(e)(1), which provides that "[i]n the case of a person who violates § 922(g) ... and has three previous convictions by any court referred to in § 922(g)(1) ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years...."
 
 
 [4]
 Williams argues also that literal application of the statute would invest prosecutors with the "power to manipulate a defendant into career criminal status...." We consider this argument to be meritless. Finally, Williams argues that if this court should reject the separate chronological conviction argument, it should adopt the "related cases" analysis contained in the career offender provisions of the guidelines U.S.S.G. § 4A1.2. This court has already rejected the same argument in United States v. Blackwood, 913 F.2d 139, 145, n. 4 (4th Cir.1990)