16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jerry William MCCULLOUGH, Appellant,
 No. 93-2611.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1993.
Filed: January 28, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry William McCullough appeals his 262-month sentence imposed by the District Court for the District of Nebraska[1] after he pleaded guilty to robbery and firearms charges. For reversal, McCullough argues the district court erred in sentencing him as an armed career criminal, counting two prior drug convictions separately and denying him a three-level reduction for acceptance of responsibility. We affirm the judgment of the district court.
 
 
 2
 Pursuant to a plea agreement, McCullough pleaded guilty to using a firearm in committing a bank robbery and being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g), 924(e)(1), and 2113(a), (d). McCullough did not agree with the imposition of an armed career criminal penalty enhancement under Sec. 924(e)(1) and reserved the right to contest the issue at a separate hearing.
 
 
 3
 The presentence report (PSR) indicated a total offense level of 30 for the actual bank robbery offense. The PSR also indicated, however, that McCullough was an armed career criminal, as contemplated by U.S.S.G. Sec. 4B1.4(b)(3)(A), dictating an offense level of 34. The PSR recommended against an acceptance of responsibility reduction.
 
 
 4
 The PSR indicated McCullough had a criminal history category of VI. The PSR assigned zero points for a 1974 theft; zero points for obtaining property under false pretenses in 1974; three points for a 1976 conspiracy to sell drugs and sale of methamphetamine and heroin; three points for a 1977 conspiracy to commit forgery and forgery; and three points for a 1978 sale of a controlled substance. The PSR also assigned three points for using a firearm to commit a 1980 robbery in San Luis Obispo; three points for a 1980 Los Angeles robbery; and three points for a 1981 conviction for 16 counts (amended to three counts) of robbery with use of a deadly weapon and one count of grand larceny in Las Vegas. The PSR also assigned one point for driving while intoxicated in Minnesota in 1991; three points for a 1991 burglary in Nebraska; two points for committing the instant offense while on parole in Nevada; and one point for committing the instant offense less than two years after his parole. This calculation resulted in 25 criminal history points.
 
 
 5
 At sentencing, McCullough testified that his three robbery cases from Las Vegas, Los Angeles, and San Luis Obispo were consolidated; he agreed to plead guilty to three robberies and cooperate in all three jurisdictions and the government agreed to dismiss the charges on sixteen other robberies. McCullough admitted to committing the three robberies. He testified he received three separate but concurrent sentences for the robberies: a six-year sentence in San Luis Obispo, a seven-year sentence in Los Angeles, and two fifteen-year sentences in Las Vegas. He asked the district court to consider those three convictions as one conviction, because it was a "spree" with no intervening arrests and because he had understood when he entered his plea bargain in those cases that the robberies would be considered as "one offense." McCullough testified his counsel had contacted all three lawyers who defended him and none of them remembered any agreement that the convictions would be considered as one offense, and current counsel could not prove his contention. He also claimed the 1976 and 1978 drug convictions were actually for the same offense, and he asked for an acceptance of responsibility reduction.
 
 
 6
 The district court found there was no evidence that McCullough committed all sixteen robberies and ordered that reference deleted from the PSR. The district court, however, determined that the three separate robberies which McCullough admitted were separate offenses, were charged in separate courts, and were sentenced on different occasions. The district court concluded there was no doubt that McCullough qualified as an armed career criminal under Sec. 924(e)(1). The district court also determined that McCullough was entitled to a two-level reduction for acceptance of responsibility, but declined to grant a three-level reduction in the absence of any information showing the extra one-level reduction was applicable. The district court sentenced McCullough to two concurrent terms of 262 months imprisonment, five years supervised release, and ordered him to pay restitution to the bank.
 
 
 7
 Title 18 U.S.C. Sec. 924(e)(1) provides for enhanced penalties for an offender who "violates section 922(g) of this title and has three previous convictions ... referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." The Guidelines provide that a person who is subject to an enhanced sentence under Sec. 924(e) is an armed career criminal. U.S.S.G. Sec. 4B1. 4(a).
 
 
 8
 We have held that "it is the criminal episodes underlying the convictions, not the dates of conviction, that must be distinct to trigger the provisions of the [Armed Career Criminal Act]," United States v. Rush, 840 F.2d 580, 581 (8th Cir. 1988), and that "[s]ection 924(e) does not require separate prosecutions, just that the offenses occurred at different times." United States v. Gibson, 928 F.2d 250, 254 (8th Cir. 1991). McCullough did not deny committing three separate robberies on three separate occasions for which he was given separate sentences in separate jurisdictions. While McCullough asserted that plea agreements in his prior cases guaranteed that the three crimes would be counted as one offense, he admitted at sentencing that his own attorney had tried and failed to verify this assertion. Given this record, the district court did not improperly conclude that McCullough was an armed career criminal. Under U.S.S.G. Sec. 4B1.4(c)(2), the criminal history category of an armed career criminal who, as McCullough did in this case, possesses a firearm in connection with a crime of violence, is category VI. The district court employed a criminal history category of VI in determining the guideline range and thus committed no error. Because the three robberies alone satisfy the requirements for an armed career criminal enhancement, we do not consider McCullough's claim regarding his drug convictions.
 
 
 9
 Finally, we do not address McCullough's claim, raised for the first time in his reply brief, that the district court should have granted him a three-level, rather than a two-level, reduction for acceptance of responsibility. See Parmenter v. FDIC, 925 F.2d 1088, 1093 (8th Cir. 1991).
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska