EL PUEBLO DE PUERTO RICO, recurrido, *v.* EDUARDO RODRÍGUEZ CABRERA, peticionario.

Número: CC-2001-583 Resuelto: 7 de mayo de 2002

---

744

*José D. Soler Fernández* y *Carmen Ana Rodríguez Maldonado*, abogados de la parte peticionaria; *Iris M. Barreto*

*Saavedra, Procuradora General Auxiliar*, y *Vanessa Lugo Flores, Subprocuradora General.*

El Juez Asociado Señor Hernández Denton emitió la opinión del Tribunal.

Nos corresponde examinar la figura de la reincidencia habitual, Art. 61 del Código Penal, 33 L.P.R.A. sec. 3301, para determinar si ésta se configura cuando los dos delitos graves que sirven de base son producto de sentencias emitidas el mismo día. Por entender que para propósitos de la reincidencia habitual el criterio rector es que los delitos bases se hayan cometido en tiempos diversos e independientes unos de otros, sin que se requiera, además, que las sentencias hayan sido dictadas en fechas diferentes, confirmamos.

I

El Ministerio Público presentó siete acusaciones contra Eduardo Rodríguez Cabrera (en adelante el acusado) por escalamiento agravado. Art. 171 del Código Penal, 33 L.P.R.A. sec. 4277. Además, alegó que el acusado era reincidente habitual porque anteriormente había sido convicto y sentenciado por dos delitos graves cometidos en tiempos diversos e independientes uno de otro. En específico, el Ministerio Público se refería a dos delitos graves (escalamiento agravado) cometidos por el acusado el 27 de marzo de 1996 y el 29 de marzo de 1996, respectivamente, los cuales no estaban relacionados entre sí. Dichos casos se procesaron separadamente pero posteriormente se consolidaron para que el acusado hiciera alegación de culpabilidad en ambos cargos, emitiéndose dos sentencias el mismo día en las que se le condenó a cumplir ocho años en cada uno de los casos.

Oportunamente, la defensa se opuso a la alegación de reincidencia habitual aduciendo que ésta no procedía, pues las dos sentencias que servían de base para dicha alega-

ción se emitieron el mismo día. Así, alegó que cuando el Art. 61 del Código Penal, *supra,* dispone "[h]abrá reincidencia habitual cuando el que ha sido convicto y sentenciado por dos o más delitos graves *cometidos en tiempos diversos e independientes unos de otros"* (énfasis suplido) debe entenderse que se exige, no sólo que los delitos bases sean "cometidos en tiempos diversos e independientes", sino que las sentencias también sean dictadas en "tiempos diversos e independientes"; esto es, que es necesario haber sido convicto y sentenciado en fechas distintas.

Por su parte, el Ministerio Público se opuso tras argumentar que para propósitos de la reincidencia habitual lo importante es la comisión de dos delitos graves en tiempos distintos e independientes sin que sea determinante la fecha cuando se dicten las sentencias. De esta manera, aclaró que la coincidencia en la fecha de las sentencias obedeció a la necesidad de evitar múltiples procedimientos y dilaciones innecesarias, sobre todo en vista de que el acusado pretendía declararse culpable en ambos casos. Además, señaló que si el argumento de la defensa prosperaba, entonces ahora el acusado debía enfrentar siete procedimientos independientes, aunque pretendiera en cada uno de ellos hacer una alegación preacordada, para así evitar en el futuro la misma controversia que hoy se plantea.

Luego del examen de rigor, el Tribunal de Primera Instancia acogió el razonamiento presentado por la defensa y denegó la alegación de reincidencia habitual tras concluir que dicha alegación no procede cuando los delitos bases son producto de sentencias emitidas el mismo día. De este dictamen el Ministerio Público acudió al Tribunal de Circuito de Apelaciones, quien revocó al señalar que para propósitos de la reincidencia habitual lo determinante es que los delitos bases sean cometidos en tiempos diversos e independientes unos de otros sin que sea relevante la fecha cuando se dictaron las sentencias.

Inconforme, el acusado acude ante nos cuestionando el dictamen del foro apelativo. Luego de expedir el auto solicitado y examinar las comparecencias de las partes, resolvemos.

## II

En *Pueblo v. Reyes Moran*, 123 D.P.R. 786 (1989), tuvimos la oportunidad de expresarnos sobre la temática que nos concierne. En dicha ocasión reconocimos que prácticamente todos los estados de Estados Unidos y el Gobierno federal tienen legislaciones sobre la delincuencia habitual dentro de su cuerpo de normas jurídicas. Igualmente, advertimos que los criterios para definir un delincuente habitual y la penalidad que le habrá de ser impuesta son asuntos que competen a las jurisdicciones estatales. Por ello, afirmamos que la Legislatura de Puerto Rico tiene amplia facultad para crear delitos e imponer castigos en ausencia de limitaciones constitucionales. De igual forma, aclaramos que la Asamblea Legislativa puede imponer a los delincuentes habituales una penalidad mayor dentro de la autoridad que constitucionalmente le asiste para imponer castigos. Íd., págs. 796–797.

A estos efectos, mediante la Ley Núm. 34 de 31 de mayo de 1988 se enmendó el Art. 61 del Código Penal, *supra*, para disponer sobre la figura de la reincidencia. A partir de dicha enmienda, el referido precepto dispone, en lo pertinente:

(1) Habrá reincidencia cuando el que ha sido convicto por delito grave incurre nuevamente en otro delito grave.

(2) Habrá reincidencia agravada cuando el que ha sido convicto anteriormente por dos (2) o más delitos graves cometidos en tiempos diversos e independientes unos de otros incurre nuevamente en otro delito grave.

(3) Habrá reincidencia habitual cuando el que *ha sido convicto y sentenciado por dos o más delitos graves cometidos en*

*tiempos diversos e independientes unos de otros* cometiere pos-
teriormente cualquiera de los siguientes delitos o sus tentati-
vas: asesinato, robo, incesto, extorsión, violación, sodomía, ac-
tos lascivos o impúdicos cuando la víctima fuere menor de
catorce (14) años, secuestro, agresión agravada en su modali-
dad grave, escalamiento agravado .... (Énfasis suplido.)

Como puede apreciarse, el citado artículo establece tres
tipos de reincidencia, a saber: reincidencia simple, reinci-
dencia agravada y reincidencia habitual. Véase D. Neva-
res-Muñiz, *Código Penal de Puerto Rico*, 7ma ed. rev., Hato
Rey, Inst. para el Desarrollo del Derecho, 2001, pág. 111.
Es esta última la que aquí nos concierne y sobre la cual se
ha desarrollado la controversia que nos ocupa. Veamos.

■ Por disposición expresa del Art. 61 del Código Pe-
nal, *supra*, la reincidencia habitual se configura cuando se
comete cualquiera de los delitos mencionados en el pre-
cepto tras antes haber sido convicto y sentenciado por dos o
más delitos graves cometidos en tiempos diversos e inde-
pendientes unos de otros. Así, dicha figura presupone unos
delitos bases, los cuales han de haber sido cometidos "en
tiempos diversos e independientes unos de otros". Íd. Por
ello, lo determinante para propósitos de la reincidencia ha-
bitual es que dichos delitos bases sean producto de episo-
dios criminales distintos y separados, sin que sea impres-
cindible que sean producto de sentencias emitidas en
fechas distintas.

■ Ciertamente, puede ocurrir que al momento en
que se alegue la reincidencia habitual existan dos senten-
cias de fechas distintas, las cuales reflejen la comisión de
dos delitos graves cometidos en tiempos diversos e inde-
pendientes unos de otros. Sin embargo, en tal caso lo deci-
sivo no es la independencia y diversidad temporal de las
sentencias, sino la de los delitos bases. No existe indicio
alguno en el texto del Art. 61, *supra*, que indique que las
sentencias que recogen los delitos bases deben ser dictadas
en fechas distintas. Por el contrario, lo que existe es un

lenguaje claro que utiliza la independencia y diversidad temporal de los delitos bases como criterio rector para la imposición de la reincidencia habitual. Este artículo se refiere a dos o más delitos graves "*cometidos* en tiempos diversos e independientes unos de otros", no a dos o más sentencias *dictadas* en tiempos diversos e independientes.

 Este énfasis en los delitos graves se desprende no sólo del texto del artículo, sino del propio historial de la citada Ley Núm. 34, la cual se conceptualizó para "aquellos delincuentes que han hecho de la [c]omisión reiterada de actos delictivos, su forma de vida".[1] Igualmente, del referido historial se desprende que la reincidencia se concibió como uno de los "mecanismos legales disponibles para poder penalizar con el mayor rigor la conducta delictiva de naturaleza grave y persistente".[2]

No causa sorpresa que el énfasis sea, precisamente, en los delitos bases, pues en otras jurisdicciones se ha formulado igual criterio rector para sus respectivas legislaciones. En la jurisdicción federal —véase, por ejemplo, *Armed Career Criminal Act*, 18 U.S.C. sec. 924(e)— el cual ha sido interpretado por los distintos circuitos federales como estableciendo dicho criterio. *U.S. v. Rush*, 840 F.2d 580, 581 (8vo Cir. 1988) ("it is the criminal episodes underlying the convictions, not the dates of conviction, that must be distinct to trigger the provisions of the [Armed Career Criminal Act]"); *U.S. v. Herbert*, 860 F.2d 620, 621 (5to Cir. 1988) ("two or more convictions arising from the same proceeding should be treated as separate convictions provided that they arose from separate transactions") refiriéndose a *United States v. Greene*, 810 F.2d 999 (11mo Cir. 1986); *U.S. v. Wicks*, 833 F.2d 192, (9no Cir. 1987). Además, *U.S. v. Herbert*, supra, pág. 622 ("we hold that where, as here, a defendant is convicted in a single judicial proceeding for mul-

---

[1] Informe de la Comisión de lo Jurídico sobre el P. del S. 1367 de 11 de marzo de 1988, 10ma Asamblea Legislativa, 4ta Sesión Ordinaria, pág. 2.

[2] Íd.

tiple counts arising from separate distinct criminal transactions that those convictions should be treated as multiple convictions under [the Armed Career Criminal Act]").

En fin, por virtud del Art. 61 del Código Penal, *supra*, el énfasis recae sobre los delitos bases, mas no en la fecha cuando se dicte la sentencia que los recoja. Son estos delitos los que tienen que surgir como parte de un episodio criminal distinto y separado sin que se requiera, además, que las sentencias también sean distintas y separadas. La sentencia y convicción es relevante sólo para demostrar que, en efecto, el acusado ha sido convicto y sentenciado por tales delitos. Así se desprende, no sólo del texto legal, sino del historial legislativo el cual incluso afirma que "basta que exista una convicción por dos delitos graves para que la persona pueda ser declarada delincuente habitual".[3]

A la luz de esta normativa, pasemos a discutir la situación ante nos.

## III

Como hemos señalado, en el caso de autos el acusado aduce que para propósitos de la reincidencia habitual se requiere que las sentencias que sirven de base para dicha alegación hayan sido dictadas en fechas distintas. No le asiste la razón. Nada en el texto de la ley impone tal exigencia. Por el contrario, el Art. 61, *supra*, sólo establece como requisito rector haber sido convicto y sentenciado por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros, sin que se exija, además, que las sentencias sean dictadas en la misma fecha.

---

[3] Íd., pág. 11.

■ Mediante la Ley Núm. 34, *supra*, la cual enmendó el Art. 61 del Código Penal, *supra*, se quiso atender el problema de la criminalidad, enfatizando la responsabilidad del Estado para "penar con mayor severidad al convicto que recurre en la delincuencia".[4] De esta manera, la Legislatura formuló la figura de la reincidencia habitual para aquellas personas que incurrieran en un tercer delito de los allí mencionados tras haber "sido convicto[s] y sentenciado[s] por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros". Art. 61 del Código Penal, *supra*. El legislador estimó que quien incurre en un tercer delito de los allí establecidos, una vez se den las condiciones delimitadas por el artículo (entre las que no se encuentra la emisión de sentencias en tiempos diversos), merece la sanción que acarrea la reincidencia habitual. Ya hemos dicho que la Asamblea Legislativa tiene amplia facultad para fijar las penas y condiciones en que se impondrá una pena de reincidencia, siempre que lo haga de forma compatible con la Constitución. El acusado no demuestra adecuadamente qué violación constitucional se infringe al configurar la reincidencia habitual sin exigirse que las sentencias que sirven de base a ésta sean emitidas en fechas distintas. Aun cuando el acusado nos induce a adoptar una interpretación que imponga este requisito adicional, declinamos aceptar su invitación. Veamos.

La defensa sostiene que se debe poner atención a la fecha cuando se dictan las sentencias, pues dos sentencias dictadas un mismo día forman parte de un sólo procedimiento. Esto, según el acusado, iría contra el propósito de la figura de la reincidencia, pues sólo le otorgaría una oportunidad para rehabilitarse y no dos como ocurriría si las sentencias se hubiesen dictado en fechas distintas.

---

[4] Exposición de Motivos de la Ley Núm. 34 de 31 de mayo de 1988, Leyes de Puerto Rico, pág. 137.

En otras palabras, el acusado pretende estar convicto y sentenciado por una primera ofensa antes de cometer la segunda, de suerte que al efectuar esta última ya haya tenido el beneficio de haber pasado por el sistema penal con la respectiva oportunidad para ser rehabilitado. Así, al cometer la tercera ofensa, la cual activaría la reincidencia habitual, el acusado habría tenido la oportunidad de pasar dos veces por el sistema penal, con las correspondientes oportunidades rehabilitadoras. Por ello, concluye el acusado, en la medida que se permita que dos sentencias dictadas el mismo día se consideren suficientes para configurar la reincidencia habitual, se le negaría la oportunidad para rehabilitarse por segunda ocasión.

El argumento de la defensa es ciertamente ingenioso pero, a la larga, carente de apoyo legal. En primer lugar, debe quedar claro que el acusado sí ha tenido oportunidad para rehabilitarse (pues éste ya había sido convicto y sentenciado por dos delitos graves antes de enfrentar el proceso de autos). Así visto, el caso de epígrafe meramente implica que la defensa difiere del número de veces por las que un acusado debe pasar por el sistema penal para que se pueda activar la reincidencia habitual. Sin embargo, mas allá de esta diversidad de criterio con el juicio de la Asamblea Legislativa, la defensa no esgrime razones meritorias para que descartemos el claro texto del citado Art. 61 e incorporemos a este su novedoso planteamiento.

■ De otra parte, del historial legislativo de la Ley Núm. 34, *supra*, se desprende que ni tan siquiera es necesario que la convicción del acusado culmine en su reclusión.[5] Más aún, el citado Art. 61 descarta, de entrada, su razonamiento pues sólo impone como requisito la independencia y diversidad temporal de los delitos bases; esto es, de episodios criminales distintos y separados, sin exigirse, además, que las sentencias se emitan en fechas

---

[5] Informe de la Comisión de lo Jurídico, *supra*, pág. 11.

distintas. Realmente, lo que pretende la defensa es que por fíat judicial añadamos una exigencia adicional (esto es, el requisito de diversidad temporal en las sentencias). No obstante, estimamos improcedente imponer exigencias adicionales a un texto legal cuando éstas no son compelidas por la Constitución.

■ Es un principio establecido de hermenéutica que cuando la letra de una ley es clara, no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 D.P.R. 700 (2001); *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992); *Atlantic Pipe Corp. v. F.S.E.*, 132 D.P.R. 1026 (1993); *Cotto v. Depto. de Educación*, 138 D.P.R. 658 (1995). Por ello, no desvirtuaremos el claro texto de un precepto en aras de acomodar cada teoría particular que formulen las partes ante nos.

En fin, no procedía denegar la alegación de reincidencia habitual por el sólo hecho de que los delitos bases fueran producto de sentencias emitidas el mismo día. Por ende, *procede confirmar el dictamen del tribunal apelativo. Se devuelve el recurso al Tribunal de Primera Instancia para que continúen los procedimientos conforme lo aquí resuelto.*

*Se dictará la sentencia correspondiente.*

Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.