**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Thomas MASON, Defendant–Appellee.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas MASON, Defendant–Appellant.**

**Nos. 91–5255, 91–5260.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1991.

Decided Jan. 17, 1992.

---

Christopher Bowmar Mead, Asst. U.S. Atty., Baltimore, Md., argued (Richard D. Bennett, U.S. Atty., Baltimore, Md., on the brief), for plaintiff-appellant.

Joseph A. Balter, Asst. Federal Public Defender, Baltimore, Md., argued (Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on the brief), for defendant-appellee.

Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and MERHIGE, Senior District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

SPROUSE, Circuit Judge:

The United States challenges the district court's refusal to sentence Thomas Mason under the Armed Career Criminal Act.[1] Mason appeals the district court's rulings on various evidentiary issues and challenges a jury instruction. We agree that Mason should have been given an enhanced sentence but affirm on all other issues.

### I

Shortly before midnight on October 24, 1989, two Baltimore police officers responded to a radio report of a black man with a red top and black pants carrying a gun near an intersection in West Baltimore.[2] They quickly arrived at the scene and spotted the defendant Mason, who was wearing a red top and black pants. Mason ran from the officers. During the chase, he paused to throw an object toward a group of row houses. After the officers caught Mason, he told them that he had thrown a knife. One officer testified at trial that he saw Mason throw a gun.

That night, the officers searched the area where Mason had thrown the object but did not discover any knives or guns.

---

1. 18 U.S.C. § 924(e).

2. Although the officers testified at trial that they arrived at the scene in response to a radio dispatch, the district court did not allow the police officers to testify about the statement in the dispatch regarding the gun.

Accordingly, they released Mason. The next day, the officers returned to the scene and renewed the search. After finding the gun at issue in this case on top of one of the rowhouses, the officers arrested Mason and charged him.

After a jury trial, Mason was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). At sentencing, the government requested that Mason be given fifteen years pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court, however, found that Mason's criminal record did not subject him to this sentencing provision and sentenced him to thirtythree months' imprisonment instead.

## II

The government appeals Mason's sentence. In his cross-appeal, Mason challenges a jury instruction given below, as well as various evidentiary rulings. We address first the sentencing aspect of this appeal, and then consider Mason's claims.

## A

■ The pertinent subsection of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

At the time of the arrest described above, Mason had been convicted of three felonies. On January 14, 1986, he pleaded guilty in Maryland state court to two felo-nies within the scope of the Armed Career Criminal Act: daytime housebreaking, committed on September 21, 1984, and distribution of heroin, committed on April 27, 1985. Three months later on April 16, 1986, he pleaded guilty to a third felony charge, a robbery committed on October 26, 1985.

The government contends on appeal that the district court improperly interpreted the statute to require three separate, sequential convictions. It argues that the statute merely requires that the predicate felonies have been *committed* on separate occasions, and that Mason's three felonies were committed on three separate occasions. Mason responds that the statute is ambiguous, and should therefore be construed to require convictions for the first two felonies before the third felony took place. If the statute were interpreted in this way, Mason's conduct would not fall within its scope; he committed his third felony before he pleaded guilty to the first two felonies.

We do not agree that the statute is ambiguous. There is no reference to convictions. Rather, for the mandatory sentence to apply, three felonies must have been "committed on occasions different from one another...." In our view, this language simply requires that the three predicate crimes were committed on different occasions. Contrary to Mason's view, the statute does not require a conviction for one predicate crime before the next predicate crime is committed. This interpretation of the statute is consistent with the views of other circuits. *See United States v. Bolton*, 905 F.2d 319, 323 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 683, 112 L.Ed.2d 674 (1991); *United States v. Washington*, 898 F.2d 439 (5th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990); *United States v. Schieman*, 894 F.2d 909, 913 (7th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Pedigo*, 879 F.2d 1315, 1317 & n. 3 (6th Cir. 1989); *United States v. Schoolcraft*, 879 F.2d 64, 74 (3d Cir.), *cert. denied*, 493 U.S. 995, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989); *United States v. Herbert*, 860 F.2d 620, 622 (5th Cir.1988), *cert. denied*, 490 U.S. 1070,

109 S.Ct. 2074, 104 L.Ed.2d 639 (1989); *United States v. Gillies,* 851 F.2d 492, 497 (1st Cir.), *cert. denied,* 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Rush,* 840 F.2d 580, 581–82 (8th Cir.), *cert. denied,* 487 U.S. 1238, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988); *United States v. Wicks,* 833 F.2d 192 (9th Cir. 1987), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988); *United States v. Greene,* 810 F.2d 999, 1000 (11th Cir.1986).[3] Accordingly, we agree that Mason should have been sentenced under the Armed Career Criminal Act.

### B

In his cross-appeal, Mason challenges a jury instruction and various evidentiary rulings by the district court.

■ At trial, his defense was structured to establish doubt in the jurors' minds by pointing out that the police had failed to fingerprint the gun. During the instruction phase of the trial, the judge gave the following instruction:

> [D]uring the trial you have heard testimony of witnesses and arguments by counsel that the government did not utilize specific investigative techniques. For example, there was reference to fingerprints and certain specific tests.
>
> You may consider these facts in deciding whether the government has met its burden of proof, because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.
>
> There is no legal requirement of an attempt to take fingerprints or to do any particular scientific test. And it is not required that the government offer that kind of evidence to you.

Law enforcement techniques are not your concern. Your concern, as I have said, is to determine whether or not on the evidence before you or the lack of evidence the defendant's guilt has been proven beyond a reasonable doubt.

Mason argues that the sentence "law enforcement techniques are not your concern" misled the jury into believing that it could not consider the fact that the government had failed to fingerprint the gun.

Although this particular sentence is not altogether clear, we believe that, viewed in their entirety, the instructions adequately advised the jury on the putative relevance of the officers' failure to test the gun for fingerprints.

■ Mason next challenges the district court's decision to admit testimony by an expert in firearms identification that the gun would have rusted if it had been exposed to rain.[4] He also challenges the district court's admission of evidence that the police were responding to a radio dispatch, and he claims that the district court erred in refusing to allow him to question the police officers with regard to racial bias. We are unpersuaded that the district court acted outside the bounds of its discretion in ruling as it did on these matters.

In sum, we believe that Mason's conviction was supported by substantial evidence and affirm the jury verdict. We remand, however, for resentencing pursuant to the Armed Career Criminal Act.

**AFFIRMED BUT REMANDED FOR RESENTENCING.**

---

**3.** The reasoning of Judge Gibbons' plurality opinion in *United States v. Balascsak,* 873 F.2d 673 (3d Cir.1989) (en banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 173, 112 L.Ed.2d 138 (1990), cited by Mason to support his argument, has been subsequently rejected. *See Schoolcraft, supra.*

**4.** The government established at trial that it had rained in Baltimore four days before the gun was found on the roof. The inference, of course, is that the gun could not have been on the roof for more than four days.