56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lewis ARNOLD, Defendant-Appellant.
 No. 93-5417.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1994.
Decided May 26, 1995.
 
 Michael H. McGee, Charlotte, NC, for Appellant. Jerry W. Miller, United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Lewis Arnold appeals his conviction for conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 846 (1988), possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988), possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c)(1) (West 1976 & Supp.1993), and unlawful possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g) (1988), 18 U.S.C.A. Sec. 924 (West 1976 & Supp.1993). Arnold claims: (1) the prosecutor impermissibly bolstered the credibility of a Government witness, which unfairly prejudiced his right to a fair trial, and (2) the district court erred in denying his Fed.R.Crim.P. 29 motion for acquittal because the evidence was insufficient to convict him beyond a reasonable doubt.
 
 I.
 
 2
 Sometime in 1991, Charlene Ferguson met Jerry Lewis Arnold and obtained various amounts of cocaine base ("crack") from him. Arnold subsequently moved in with Ferguson. Ferguson testified that during the time Arnold stayed at her house, she observed Arnold sell crack to various individuals, with approximately ten to fifteen people coming to her house each day to purchase crack.
 
 
 3
 Ferguson testified that on August 13, 1992, she saw Arnold's brother and two other men arrive at her house with several firearms. The police subsequently arrived with a search warrant for the house and Arnold's person. Charlotte Police Officer H.R. Jackson testified that when he proceeded upstairs, he found Arnold and Ferguson in the bedroom. When he approached Arnold, he saw Arnold toss something behind the dresser. Officer Jackson conducted a pat-down search of Arnold and observed a baggie containing what appeared to be crack cocaine in his shirt pocket. Jackson removed the baggie and subsequently found another baggie on Arnold's person containing what appeared to be marijuana. Jackson then placed Arnold under arrest for possession of cocaine. Jackson searched behind the dresser and found a baggie containing six smaller bags of crack. A protective search of the bedroom revealed four firearms, a pipe used for smoking crack cocaine, several more baggies with cocaine residue, and a saucer on the nightstand which contained crack. Officer Jackson also removed $545 in cash from Arnold's shirt pocket.
 
 II.
 
 4
 Arnold claims the prosecution's questioning of Officer Lewis amounted to impermissible bolstering of Lewis's credibility. He claimed that the bolstering unfairly prejudiced his right to a fair trial because after the bolstering, Lewis identified the drugs Arnold possessed as crack cocaine rather than cocaine, and that as a result Arnold was subjected to a longer sentence. The prosecution claims that it was making a good faith effort to qualify Lewis as an expert witness.[1]
 
 
 5
 In determining whether questioning by government counsel has so prejudiced the trial process as to require reversal, the Fourth Circuit has applied a two prong test. The defendant must establish that: "(1) the remarks or conduct were improper, and (2) the remarks prejudicially affected his rights so as to deprive him of a fair trial." United States v. Bennett, 984 F.2d 597, 608 (4th Cir.1993). The Government concedes that the questioning at issue was irrelevant and possibly improper. Assuming that the questioning was improper, Arnold still has to satisfy the prejudice prong, which he has failed to do. In determining whether a defendant has established prejudice, the Fourth Circuit has deemed several factors relevant:
 
 
 6
 (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.
 
 
 7
 Id. (quoting United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984)).
 
 
 8
 The prosecutorial questioning may have prejudiced Arnold to a very slight degree because it may have impermissibly bolstered Lewis's credibility before he identified the drugs as cocaine base. The degree to which the questioning affected the jury, however, was minimal at most in light of the judge's curative instruction given to the jury. See Bennett, 984 F.2d at 608; Harrison, 716 F.2d at 1053; United States v. Moore, 710 F.2d 157, 159 (4th Cir.), cert. denied, 464 U.S. 862 (1983). In addition, the challenged line of questioning involved two isolated questions, one of which was never answered or asked again.
 
 
 9
 As to the strength of competent proof, absent the alleged bolstering, the evidence establishing Arnold's guilt with regard to the crack is strong. Arnold claims the prosecution solely relied on Lewis's testimony to identify the government's exhibits as crack cocaine, which led to his conviction of crack rather than an equal amount of cocaine, and thus subjected him to a longer sentence. See 21 U.S.C.A. Sec. 841(b)(1)(B), (C). (West Supp.1993). He contends that absent Lewis's testimony, the Government failed to adequately identify the substance as cocaine base. He further asserts that Lewis's visual identification of the substance as crack cocaine is prejudicial absent sufficient laboratory tests to determine the nature of the substance.
 
 
 10
 The Fourth Circuit has held that "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction." United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir.1976); see United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir.1992); United States v. Scott, 725 F.2d 43, 45-46 (4th Cir.1984). Such circumstantial proof may include evidence of the physical appearance of the substance, evidence that the substance produced the expected effects when used by someone familiar with the illegal drug, evidence that the substance was used in the same manner as the illegal drug, and evidence that the substance was called by the name of the illegal drug by the defendant or others in his presence. Dolan, 544 F.2d at 1221. Here, both Officer Jackson (the arresting officer), and Charlene Ferguson, Arnold's girlfriend, testified at length about the crack cocaine found in the apartment, and Ferguson testified about getting crack cocaine from Arnold for her own use on numerous occasions. This testimony alone was sufficient to establish that Arnold possessed crack cocaine.
 
 
 11
 In addition, the prosecutor in this case also introduced an expert chemical analysis. Tony A. Aldridge, a chemist employed by the Charlotte-Mecklenburg Crime Laboratory, testified for the prosecution and was qualified as an expert in the field of forensic chemistry. He testified that the evidence obtained from the search of Ferguson's apartment and Arnold's person yielded a total of 47.8 grams of crack cocaine.
 
 
 12
 Finally, nothing in the record indicates that the prosecutorial questioning was intended to divert the jury's attention to extraneous matters. The prosecutor stated that she asked the challenged questions in order to qualify Officer Lewis as an expert witness.
 
 
 13
 In light of the judge's curative instruction, which the jury is presumed to have followed, Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987), the isolatedness of the questioning, and the overwhelming evidence of guilt, the prosecutor's questioning did not prejudice Arnold to the extent that it deprived him of a fair trial. Bennett, 597 F.2d at 608.
 
 III.
 
 14
 Arnold filed a motion for acquittal in the district court under Rule 29, Fed.R.Crim.P., on the grounds that the prosecution failed to establish beyond a reasonable doubt the identity of the controlled substance as cocaine base and the possession of firearms by Arnold. In reviewing the denial of a judgement of acquittal, this Court must determine whether there is no substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d 210, 218 (4th Cir.1986). In doing so, the evidence must be construed in the light most favorable to the prosecution. Id.; United States v. Tresvant, 677 F.2d 1018 (4th Cir.1982).
 
 
 15
 With regard to Arnold's claim that the prosecution failed to establish the identity of the substance as cocaine base beyond a reasonable doubt, Arnold raises the same issues as he did in his improper questioning claim. As analyzed above, construing the evidence in the light most favorable to the prosecution, there is substantial evidence in the record to support the jury's finding that the substance was cocaine base beyond a reasonable doubt. This claim, therefore, lacks merit.
 
 
 16
 Arnold also contends that the prosecution failed to establish the possession of firearms by Arnold in violations of 18 U.S.C.A. Sec. 924(c)(1) beyond a reasonable doubt. Arnold claims that the failure to find the firearms on his person, combined with the failure of the government to obtain fingerprints, amount to a failure to establish Arnold's possession of the firearms beyond a reasonable doubt.
 
 
 17
 Ferguson testified that she observed Arnold accept guns in exchange for selling crack cocaine. She saw Arnold carry a gun every day, and that Arnold had told her that he kept guns for protection from robbery. On the day of Arnold's arrest, she saw someone bring guns to her apartment. Finally, she testified that when Arnold and she were in custody after their arrests, Arnold "asked [her] to take the gun charge" and say the guns belonged to her. Officer Rodney Blacknall testified that when the search party conducted their search he found a pistol laying on the floor beside the bed in the bedroom where Arnold and Ferguson were found; crack cocaine was also found in that bedroom. He found three additional pistols under the mattress of the bed. Both Blacknall and Ferguson testified that although the apartment belonged to Ferguson, Arnold was staying there. Officer Jackson corroborated Blacknall's testimony, and also stated that he observed male and female clothing in the bedroom.
 
 
 18
 This Court has held that "[o]wnership is not essential to the possession and use of a firearm. Moreover, constructive possession of fire arms in relation to a drug transaction is sufficient to establish 'use.' " United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). " '[I]t is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used.' " Id. at 179 (quoting United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988)). Here, as in Paz, the location of firearms in the room where drugs were found, accessible to the Defendant and present for protection, was sufficient to support the conviction on the firearms charge.
 
 
 19
 Finally, this Court has found that the government bears no legal duty to take fingerprints from a firearm or conduct any particular scientific test of the firearm. See United States v. Mason, 954 F.2d 219, 222 (4th Cir.), cert. denied, 60 U.S.L.W. 3781 (U.S.1992).
 
 
 20
 Consequently, construing the evidence in the light most favorable to the prosecution, the record contains substantial evidence to support the jury's verdict. Therefore, the district court did not err in denying Arnold's motion for acquittal.
 
 
 21
 We accordingly affirm the conviction.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The questioning at controversy refers to the following exchange:
 Q: Special Agent Lewis, you've testified that you conducted prior drug and gun investigations, is that correct?
 A: That is correct.
 Q: And did any of those cases result in drug and gun convictions?
 A: That is correct.
 Q: Approximately what percentage was that?
 COURT: Alright counselor, you're--that's highly objectionable. Ignore that, members of the jury.
 
 
 [2]
 Arnold requested an extension of time to file supplemental briefing after his review of the transcript. This Court granted him an extension of time (until February 13, 1995) to file a supplemental brief. Arnold's supplemental brief was filed on March 7, 1995. Because the brief was untimely, this Court declines to consider the claims raised therein. However, the Court notes that two of the four claims raised in the supplemental brief were raised in his counsel's brief