UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4128

DAVID TEMPLE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-21-S)

Submitted: August 19, 1997

Decided: September 11, 1997

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Denise C. Barrett, Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Tarra DeShields-Minnis,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Temple was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994), and aiding and abetting the same in violation of 18 U.S.C. § 2 (1994). The court sentenced Temple to 235 months imprisonment as an armed career offender and also imposed a fifty dollar special assessment. Temple's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the district court's denial of his Batson v. Kentucky, 476 U.S. 79 (1986), objection. Counsel also challenges the jury instructions and alleges prosecutorial overreaching. Counsel asserts that, in his view, the issues raised are without merit and that there are no other meritorious grounds for appeal. Temple was informed of his right to file a pro se supplemental brief, which he failed to file. Because we conclude that the district court did not clearly err in accepting the Government's explanation for exercising its peremptory challenge, and because we find no reversible error in the jury instructions and no prosecutorial overreaching requiring reversal of Temple's conviction, we affirm.

Temple first contends that the district court erred in overruling his Batson objection to the Government's use of a peremptory challenge to strike an African-American juror allegedly on account of race.[1] The Government provided a race neutral explanation for its peremptory challenge; the Government stated that it struck the juror because, despite the juror's claim to the contrary, the Government thought the juror would be biased because her fiance was incarcerated for a drug offense. See Matthews v. Evatt, 105 F.3d 907, 917 (4th Cir. 1997), petition for cert. filed, ___ U.S.L.W. ___ (U.S. May 27, 1997) (No. 96-9163). We find that the district court's factual determination accepting the Government's reasoning is supported by the record and is not clearly erroneous. See United States v. Tindle, 860 F.2d 125, 129 (4th Cir. 1988).

Next, Temple avers that the district court abused its discretion in

_____

[1] The panel ultimately included three African-American jurors.

2

instructing the jury. First, Temple complains that the court, in reminding the jury that it had heard evidence regarding the use of fingerprint examination in the case, abused its discretion when it commented, "[l]aw enforcement techniques are not your concern."[2] Temple further complains that the district court abused its discretion in instructing the jury on the purpose of the federal firearms statute, saying that the instruction was unduly prejudicial because it drew the judge's attention to the fact that Temple was a convicted felon.

We conclude that the district court did not abuse its discretion in instructing the jury. We find that the jury instructions, viewed in their entirety, adequately advised the jury on the relevance of the investigative techniques utilized in the case. See United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992) (holding that identical instruction was not error). Further, we determine that the district court's decision to instruct the jury as to why local law enforcement officials were in federal court was within its sound discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992).

Finally, Temple claims that the district court erred in overruling his objection to the prosecutor's rebuttal closing argument, which allegedly impermissibly vouched for a government witness by telling the jury that no racial bias existed in the case. The record reveals that, in her closing remarks, the prosecutor did not, directly or indirectly, vouch for the credibility of the Government's witness. See generally United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993). We find that the prosecutor's rebuttal closing comments were a legitimate response to the defense's closing arguments to the jury stating that the evidence in the case was manufactured by racist police officers. See generally United States v. Young, 470 U.S. 1, 12-13 (1985) (holding that conviction will not be reversed if prosecution's argument was invited by defense's argument and did no more than "right the scale"). Further, we conclude that the prosecution's comments did not prejudicially affect Temple's substantial rights so as to deprive him of a fair trial, and thus we find that the district court did not err in overruling

_____

[2] The test on the firearm, conducted several months after Temple's arrest, revealed no fingerprints. However, Temple's conviction was supported by testimony from a police officer who saw Temple remove the gun from his waistband and throw it away in an attempt to hide it.

the defense's objection to the prosecution's rebuttal closing argument. See United States v. Mitchell, 1 F.3d 235, 241-42 (4th Cir. 1993) (outlining test for reversible prosecutorial misconduct).

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Temple's sentence and conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4