<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4722**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JERMAINE BROWN, a/k/a Jeezy,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, District Judge. (4:09-cr-00063-RBS-TEM-10)

Submitted: March 23, 2012         Decided: April 5, 2012

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Angela D. Whitley, THE WHITLEY LAW FIRM, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jermaine Brown was convicted of possession with intent to distribute cocaine, possession with intent to distribute cocaine base, distribution of cocaine base, conspiracy to possess with intent to distribute and distribution of cocaine base, cocaine, and marijuana, and two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). He appeals, contending that the evidence was insufficient to support the jury verdict on the firearm charges, and that the district court abused its discretion by instructing the jury that the Government was not required to use any specific investigative techniques. We affirm.

Brown first contends the district court erred in denying his motions for judgment of acquittal under Fed. R. Crim. P. 29 because the evidence was insufficient to demonstrate that his possession of the firearms was "in furtherance of" a drug trafficking crime. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and

2

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

To establish illegal possession of a firearm in violation of § 924(c), the government must prove that the defendant knowingly possessed a firearm in furtherance of a crime of violence or drug trafficking crime. Brown does not contest that he possessed the firearms in question. We have construed the "in furtherance of" provision of § 924(c) to require "the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Our review of the record convinces us that the jury heard sufficient evidence to find Brown guilty of the firearm offenses.

Brown also challenges the jury instruction in which the court advised the jury that the Government was not required to use any specific investigative techniques. He contends that this instruction amounted to an indirect comment on the weight of the evidence in violation of his due process rights and his

3

right to a jury trial. The challenged instruction is very similar to the instruction that was challenged and upheld in United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992). The instructions, viewed in their entirety, did not mislead the jury into believing that it could not consider and weigh the type of evidence that was presented. Rather, the instruction properly emphasized the Government's burden of proof, but also noted that the Government was not required to prove its case in any particular manner. See, e.g., United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983) ("[U]ncorroborated testimony of one witness may be sufficient to sustain a verdict of guilty.").

We conclude that the instruction was proper, did not amount to a comment by the court on the weight of the evidence, and was not an abuse of discretion. See Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999) (providing standard). Accordingly, we affirm Brown's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED