**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4849**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEROME NATHANIEL HOLLOWAY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:16-cr-00018-GJH-1)

Submitted: July 16, 2019                    Decided: August 2, 2019

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles Burnham, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. Robert K. Hur, United States Attorney, Brandon K. Moore, Assistant United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jerome Nathaniel Holloway was convicted of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (2012). He appeals, contending that the district court abused its discretion by instructing the jury that the Government was not required to use any specific investigative techniques. We affirm.

Holloway argues that the instruction given by the court stymied his defense, which was premised primarily on the theory that the Government failed to thoroughly investigate the case. While the court instructed the jury that the Government was not legally obligated to use any particular investigative techniques, it also observed that the jurors could consider the evidence and argument by counsel that the Government did not utilize specific investigative techniques in deciding whether the Government met its burden of proof. The court advised the jury to look at all the evidence or the lack thereof in deciding whether Holloway was guilty. Holloway contends that the court improperly instructed the jurors that they should not consider the absence of specific investigative techniques, and thereby reduced the Government's burden of proof.

On review, we find that the challenged instruction is very similar to the instruction that we upheld in *United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992). Holloway invites us to "revisit" *Mason*, suggesting that the court should instead adopt the reasoning of the Maryland Court of Appeals in *Stabb v. State*, 31 A.3d 922, 933 (Md. 2011) (prohibiting instructions about specific investigation techniques in the absence of "overreaching by the defense"). However, "one panel cannot overrule a decision issued

2

by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

Viewed in their entirety, we conclude that the jury instructions properly advised the jury. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*