**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-4020**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAY NEIL JOHN,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00398-WO-2)

─────────

Submitted:  January 22, 2025                    Decided:  July 23, 2025

─────────

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** Thomas M. King, Salisbury, North Carolina; Edward Eldred, PARRY LAW, PLLC, Chapel Hill, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2023, a jury convicted Shay Neil John of possession with intent to distribute para-fluorofentanyl, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One); possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two); possession of a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(ii) (Count Four); unlawful possession of a machinegun, in violation of 18 U.S.C. §§ 922(0), 924(a)(2) (Count Six); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count Eight). John was sentenced to an aggregate 372-month prison term.

John argues that the district court reversibly erred when it issued a limiting instruction regarding specific techniques the Government may or may not have used in its criminal investigation into John's offenses. John asserts that the district court also reversibly erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal because the Government failed to introduce sufficient evidence establishing that John committed three of the counts with which he was charged. Finding no error, we affirm.[*]

---

[*] We observe that, although John was granted leave to file a pro se supplemental brief and multiple extensions of time to do so, he has not filed a pro se brief. Indeed, despite this court's recent warning that any further motions for extension of time would be denied by the court, John has filed yet another motion for extension of time to file a pro se brief.

We further observe that John has filed several documents in which he suggests that trial and appellate counsel rendered ineffective assistance. However, this court typically will not review an ineffective assistance of counsel claim made on direct appeal, *United*

2

We review a challenge to the district court's jury instructions for an abuse of discretion. *United States v. Simmons*, 11 F.4th 239, 264 (4th Cir. 2021). "In reviewing the adequacy of jury instructions, we determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013) (internal quotation marks omitted). This court will find an error in instructing the jury harmless "if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Ramos-Cruz*, 667 F.3d 487, 496 (4th Cir. 2012) (internal quotation marks omitted).

John argues that the district court reversibly erred when it issued a limiting instruction regarding the Government's specific investigative techniques in response to juror inquiries as to whether fingerprint analysis was conducted on a seized firearm and magazines, and why any such analysis results were not shared with the jury. We have long upheld as proper jury instructions explaining that the government is not required to use any particular investigative techniques to prove its case. Indeed, this "[c]ourt has held such instructions proper since 1992, and has reaffirmed this practice as recently as [2019]."

---

*States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). We conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. Thus, any ineffective assistance claims John seeks to assert "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. We express no opinion as to the merits of any such claims.

3

*United States v. Dennis*, 19 F.4th 656, 671 (4th Cir. 2021) (cleaned up) (citing, in part, to *United States v. Holloway*, 774 F. App'x 147, 148 (4th Cir. 2019) (No. 18-4849)). Thus, so long as the given instruction, "taken as a whole, fairly states controlling law," and "did not mislead the jury into believing that it could not consider and weigh the type of evidence that was presented," we will uphold an investigative technique instruction. *Dennis*, 19 F.4th at 671 (internal quotation marks omitted).

John wisely concedes that the challenged jury instruction was a correct statement of the law. *See, e.g.*, *United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992) (upholding the legality of a substantially identical, but more factually detailed, investigative techniques instruction). And, like the instruction issued in *Dennis*, the district court's instruction here "took care to explain that the jurors *could* consider the evidence and argument by counsel that the Government did not utilize specific investigative techniques in deciding whether the Government met its burden of proof." *Dennis*, 19 F.4th at 671-72 (internal quotation marks omitted). We therefore conclude that the issued instruction "did not mislead the jury into believing that it could not consider and weigh the type of evidence that was presented." *Id.* at 671 (internal quotation marks omitted).

It is also noteworthy that the district court immediately followed its specific investigatory techniques instruction with an unambiguous reminder of the reasonable doubt standard. Thus, if any jurors were entertaining reasonable doubt regarding John's guilt on the drug counts, this instruction clearly authorized the jury to consider the absence of the Government's evidence in resolving that doubt. *See Mason*, 954 F.2d at 222 (acknowledging that instruction stating that "law enforcement techniques are not your

4

concern" was "not altogether clear," but finding no abuse of discretion because, "viewed in their entirety, the instructions adequately advised the jury on the putative relevance of the officers' failure to test the gun for fingerprints"). Accordingly, we conclude that the district court did not reversibly err when it instructed the jury regarding the Government's specific investigatory techniques.

Next, we review the district court's denial of John's Rule 29 motion de novo. *United States v. Watkins*, 111 F.4th 300, 308 (4th Cir. 2024). "In reviewing a challenge to the sufficiency of the evidence, an appellate court must ask whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). Thus, "appellate reversal on grounds of insufficient evidence will be confined to cases where the prosecution's failure is clear." *Id.* (cleaned up).

"[L]ike the district court, we must give deference to the jury's determination: On an appeal challenging the sufficiency of evidence, we assess the evidence in the light most favorable to the government, and the jury's verdict must stand unless we determine that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Watkins*, 111 F.4th at 308 (internal quotation marks omitted). And when resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, and must assume that the jury resolved

5

all contradictions in testimony in favor of the Government. *See United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010). We conclude that substantial evidence supports the jury's verdict.

To establish that John was guilty on the drug counts, the Government had to prove that John (1) possessed fentanyl (Count One) and cocaine base (Count Two) (2) knowingly and (3) with intent to distribute. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). And, to support John's conviction on the § 924(c) count (Count Four), the Government had to prove that John "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *Dennis*, 19 F.4th at 667. "As to furtherance, juries in this Circuit may examine a variety of factors, including the type of drug offense, the type of firearm, its proximity to drugs, whether the firearm is possessed legally, and whether the firearm is loaded." *Id.* at 667-68 (internal quotation marks omitted).

Importantly, "[a] defendant may have constructive possession of contraband even if it is not in his immediate possession or control." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003). Constructive possession can be shown where the defendant "had the power and the intention to exercise dominion and control over the [contraband]," and may be established by either direct or circumstantial evidence. *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). However, "mere proximity to the contraband, . . . mere presence on the property where the contraband is found, or . . . mere association with the person who does control the contraband" is insufficient to establish dominion and control over the contraband. *United States v. Blue*,

6

808 F.3d 226, 232 (4th Cir. 2015).  Thus, "in joint occupancy cases, there must be some additional nexus linking the defendant to the contraband." *Id.* (cleaned up).

Given the evidence presented at trial, including evidence regarding the presence of distribution quantities of drugs, trafficking paraphernalia, firearms functioning as fully automatic machine guns, multiple extended magazines, and the reasonable inferences available from those facts, we conclude that John cannot meet his "heavy burden" of showing that "no reasonable juror could have found the essential elements of [John's offenses] beyond a reasonable doubt."  *Dennis*, 19 F.4th at 665-66 (internal quotation marks omitted).  We thus conclude that the district court did not reversibly err when it denied John's Rule 29 motion.

Based on the foregoing, we affirm the criminal judgment.  We deny John's most recent motion for extension of time to file his pro se supplemental brief and deny his motion to remove counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*